*EXHIBIT A*

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff
Attorney I.D. No.: 034241986
Filing Attorney I.D. No.: 012031999
Our File No.: 218290

| | |
|---|---|
| JOHN COLEMAN,<br><br>        Plaintiff(s),<br><br>vs.<br><br>NB PLAZA c/o LOWES PROPERTY MGM, LOWES, "JOHN DOE 1-10", "ABC CORP 1-10" "DEF COMPANY 1-10" and "XYZ MANAGEMENT 1-10" ( the last four being fictitious designations),<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-1700-22<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT (S):**

Lowes Companies, Inc. c/o CSC
ATTN: Registered Agent

  THE PLAINTIFF, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone numbers for the county in which this action is pending are: See attached.

/s/ *Michelle M. Smith, Clerk*
MICHELLE M. SMITH, CLERK

Dated: March 25, 2022

**Name of Defendant(s):**     **Lowes Companies, Inc.**

**Address to be Served:**     **c/o Registered Agent**
CSC
100 Charles Ewing Blvd.
Trenton, NJ 08628-3454

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff
Attorney ID No.: 034241986
Filing Attorney ID No.: 012031999
Our File No.: 218290

| | |
|---|---|
| JOHN COLEMAN,<br><br>Plaintiff(s),<br><br>vs.<br><br>NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., "JOHN DOE 1-10", "ABC CORP 1-10" "DEF COMPANY 1-10" and "XYZ MANAGEMENT 1-10" ( the last four being fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, JOHN COLEMAN, residing at 39 Lawton Ave, Cliffside Park, New Jersey, by way of Complaint against Defendants, say(s):

### FIRST COUNT

1. On or about June 19, 2020, Plaintiff, JOHN COLEMAN, was a business invitee lawfully upon the premises located at 7801 Tonnelle Avenue, North Bergen, New Jersey.

2. At all relevant times herein, Defendants, NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., and/or "JOHN DOE 1-10" and/or "ABC CORP 1-10" (the last two being fictitious designations), owned, operated, maintained, managed and/or controlled the subject premises located at 7801 Tonnelle Avenue, North Bergen, New Jersey.

3. At all relevant times herein, Defendants owed a duty to Plaintiff and persons such as Plaintiff to own, operate, inspect, maintain, supervise, manage and/or control its premises without carelessness and/or negligence and to keep its premises in a safe and proper condition, free and clear of any and all hazardous and/or dangerous conditions and disrepairs which would endanger the safety of Plaintiff or persons such as Plaintiff.

4. The Defendants breached their duty of care to Plaintiff by negligently and/or carelessly allowing the premises to be improperly and/or dangerously maintained and/or caused and/or allowed the premises to remain in an unsafe and/or dangerous condition, which condition caused the Plaintiff to become injured.

5. At all relevant times herein, Defendants caused and/or created and/or had actual notice of said hazardous and/or dangerous condition and/or by reasonable inspection thereof, would have and should have discovered the hazardous and/or dangerous condition existing.

6. At all relevant times herein, Defendants owed a duty to Plaintiff and persons such as Plaintiff to warn of any and all hazardous and/or dangerous conditions existing on the premises.

7. At all relevant times herein, Defendants breached their duty to Plaintiff by failing to warn Plaintiff and persons such as Plaintiff of the hazardous and/or dangerous condition existing on its premises.

8. As a proximate cause and reasonably foreseeable result of the aforesaid carelessness and/or negligence of Defendants, Plaintiff suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical has and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, JOHN COLEMAN, demands judgment against Defendants, NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., and/or "JOHN DOE 1-10" and/or "ABC CORP 1-10" (the last two being fictitious designations), jointly, severally and/or jointly and severally for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1. Plaintiff repeats each and every allegation contained in the previous Count of the Complaint as if set forth herein at length.

2. At all relevant times herein and prior thereto Defendants, "DEF COMPANY 1-10" and/or "XYZ MAINTENANCE CORP 1-10" (both being fictitious designations) were hired by Defendants NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., and/or "ABC CORP 1-10" and/or "JOHN DOE 1-10" (the last two being fictitious designations) and were responsible for cleaning, maintenance, inspection, management and/or repairs of the premises.

3. At all relevant times herein, Defendants owed a duty to Plaintiff and persons such as Plaintiff to construct, maintain and/or inspect the subject premises without negligence and/or carelessness and to keep the premises in a safe and proper condition, free and clear of any and all hazardous and/or dangerous conditions and disrepairs which would endanger the safety of Plaintiff.

4. At all relevant times herein, Defendants breached their duty to Plaintiff when they negligently and/or carelessly cleaned, maintained, inspected, managed, repaired and/or controlled the subject premises in such a way so as to cause the Plaintiff, JOHN COLEMAN, to become injured.

5. At all relevant times herein, Defendants caused and/or created and/or had actual notice of said hazardous and/or dangerous condition and/or by reasonable inspection thereof, would have and should have discovered the hazardous and/or dangerous condition, and had a duty to warn Plaintiff of any and all hazardous and/or dangerous conditions existing on the premises.

6. At all relevant times herein, Defendants breached their duty to Plaintiff by failing to warn Plaintiff and persons such as Plaintiff of the hazardous and/or dangerous condition existing on the premises.

7. As a proximate cause and reasonably foreseeable result of the aforesaid carelessness and/or negligence of Defendants, Plaintiff suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical has and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, JOHN COLEMAN, demands judgment against Defendants, NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., and/or "JOHN DOE 1-10" "ABC CORP 1-10" and/or "DEF COMPANY 1-10" and/or "XYZ MAINTENANCE CORP 1-10" and/or (the last four being fictitious designations), jointly, severally and/or jointly and severally, with attorney fees, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### THIRD COUNT

1. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

2. Plaintiff is the intended third-party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3. Defendant(s) have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, JOHN COLEMAN, demands judgment against Defendants, NB PLAZA c/o LOWES PROPERTY MGM, LOWES COMPANIES, INC., and/or "JOHN DOE 1-10" "ABC CORP 1-10" and/or "DEF COMPANY 1-10" and/or "XYZ MAINTENANCE CORP 1-10" (the last four being fictitious designations), jointly, severally and/or jointly and severally for compensatory damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Natalie A. Zammitti Shaw, Esq., Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by

this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                          **LAW OFFICES ROSEMARIE ARNOLD**
                                          Attorney for Plaintiff(s)

                                          *Natalie Zammitti Shaw*
                                          _____
                                          NATALIE ZAMMITTI SHAW

Date: March 24, 2022

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-001700-22

**Case Caption:** COLEMAN JOHN  VS NB PLAZA MANAGEMENT  C/O LOWES
**Case Initiation Date:** 03/24/2022
**Attorney Name:** NATALIE A ZAMMITTI SHAW
**Firm Name:** ROSEMARIE ARNOLD
**Address:** 1386 PALISADE AVE
FORT LEE NJ 07024
**Phone:** 2014611111
**Name of Party:** PLAINTIFF : Coleman, John
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PELVIC MESH/GYNECARE
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: John Coleman?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/24/2022
Dated

/s/ NATALIE A ZAMMITTI SHAW
Signed